IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Tony Timpson, | ) | |
| | ) | C.A. No. 9:10-1975-HMH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1]  Tony Timpson ("Timpson") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act.  Magistrate Judge Marchant recommends affirming the Commissioner's decision.  Timpson filed objections to the Report and Recommendation on September 9, 2011.  For the reasons explained below, the court adopts the Report and Recommendation of the magistrate judge and affirms the Commissioner's denial of benefits.

---

[1] The magistrate judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts are fully set forth in the decision of the administrative law judge ("ALJ"), (R. at 11-22), and summarized as follows. At the time of the hearing before the ALJ, Timpson was a forty-four-year-old man with a high school education and past relevant work as a laborer in a textile mill. (Id. at 28-32.) Timpson alleges that he has been disabled since October 1, 2006, due to problems with his ankle, feet, legs, and right hand, and history of a heart attack. (Id. at 142-50, 164.)

Timpson originally filed applications for DIB and SSI in April 2005. (Id. at 66.) His claims were denied initially, and he failed to request a hearing before an ALJ. Timpson submitted new applications for DIB and SSI on July 21, 2006, alleging a later disability onset date to include an alleged increase in back pain since his previous claim. (Id. at 67; Pl. Objections 2.) His subsequent applications were denied initially and upon reconsideration. On February 11, 2009, Timpson appeared and testified at a hearing before the ALJ. The ALJ found that Timpson retained the residual functional capacity ("RFC") to perform a restricted range of sedentary to light work. (R. at 14.) Accordingly, he concluded that Timpson was not disabled and denied Timpson's applications for DIB and SSI. On May 28, 2010, the Appeals Council denied Timpson's request for review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (Id. at 1-5.) Timpson filed the instant action on July 28, 2010.

## II. REPORT AND RECOMMENDATION

Timpson presented two issues to the magistrate judge. First, he contended that the ALJ impermissibly disregarded the medical findings of two state agency medical consultants. (Pl.

Br. 1.) Second, he argued that the ALJ failed to properly consider the medical opinion of Dr. Ronald Tollison ("Dr. Tollison"), a one-time examining physician. (Id.) The magistrate judge rejected both arguments and recommended affirming the Commissioner's decision. (Report & Recommendation, generally.)

### III. Discussion of the Law

#### A. Standard of Review

Under 42 U.S.C. § 405(g), the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). Accordingly, the court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). Hence, absent any error of law, if the Commissioner's findings are supported by substantial evidence, the court should uphold the Commissioner's findings even if the court disagrees. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

#### B. Objections

Timpson first contends that the ALJ inappropriately disregarded the opinions of state agency medical consultants Dr. M. K. Richardson ("Dr. Richardson") and Dr. Ralph N. Riley ("Dr. Riley"). (Pl. Objections 1-3.) Drs. Richardson and Riley performed evaluations of Timpson in 2004 and 2005 respectively. As state agency medical consultants, Drs. Richardson's

3

and Riley's findings were entitled to consideration by the ALJ. 20 C.F.R. § 404.1527(f)(2)(i). Timpson claims that the ALJ committed reversible error by "failing to even reference or discuss" their medical reports. (Pl. Objections 1.) This argument, however, is belied by the record. The ALJ specifically cited the reports of both medical consultants in evaluating Timpson's complaints of musculoskeletal pain. (R. at 16.) Although the ALJ did not engage in an extensive analysis of the impact of their medical findings on Timpson's claim, the court discerns no error. As the magistrate judge noted, both medical consultants examined Timpson over a year prior to his alleged disability onset date. (Report & Recommendation 11-12.) Such evidence remains relevant to Timpson's eligibility for benefits, see Woodhouse v. Astrue, 696 F. Supp. 2d 521, 535 n.14 (D. Md. 2010), but the ALJ was not required to provide an exhaustive explanation of their impact on Timpson's claim, particularly given the voluminous record evidence illuminating Timpson's impairments after his alleged onset date of disability. Webster v. Chater, No. 95-5231, 1996 WL 494315, at *2 (10th Cir. Aug. 29, 1996) (unpublished) ("The ALJ's decision reflects that he reviewed all of plaintiff's medical records, even if he did not discuss in great detail the records which predate plaintiff's alleged disability onset date."). Contrary to Timpson's contention, the record clearly demonstrates that the ALJ adequately considered the opinions of Drs. Riley and Richardson in assessing his claim for benefits. Timpson's first objection, therefore, is without merit.

Timpson next argues that the ALJ failed to properly review the medical opinion of Dr. Ronald Tollison ("Dr. Tollison"), a one-time examining physician who opined that Timpson could sit for only four hours and walk or stand for less than two hours in an eight-hour work day. (R. at 399.) The ALJ rejected Dr. Tollison's findings, noting that they were "not supported

by the clinical findings from his examination or from those of other sources treating the claimant." (Id. at 19.) Instead, the ALJ gave significant weight to the opinion Dr. Lary R. Korn ("Dr. Korn"), also a one-time examining physician. (Id.) Dr. Korn opined that Timpson could sit for seven hours and stand for three hours in an eight-hour work day. (Id. at 425.) Unlike the findings of Dr. Tollison, the ALJ credited Dr. Korn's medical findings after concluding that his assessment of Timpson's limitations were consistent with his own clinical findings as well as those of other treating physicians. (Id. at 19.) It is well-established that the Commissioner must resolve evidentiary conflicts in the record, Shivey v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984), and a reviewing court may not re-weigh the evidence. Craig, 76 F.3d at 589. The ALJ provided specific reasons for crediting Dr. Korn's opinion and discrediting Dr. Tollison's opinion. The ALJ's decision to discount Dr. Tollison's opinion, therefore, was supported by substantial evidence.

Based on the foregoing, the court adopts the Report and Recommendation of the magistrate judge and affirms the decision of the Commissioner.

It is therefore

**ORDERED** that the Commissioner's decision is affirmed.

**IT IS SO ORDERED.**

                                        s/Henry M. Herlong, Jr.
                                        Senior United States District Judge

Greenville, South Carolina
September 19, 2011